UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-00036-7-JRG-JEM |
| | ) | |
| DONIE JOLINE HERNANDEZ | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's pro se motion [Doc. 1193] and supplemental filings [Docs. 1201, 1220], seeking compassionate release based on family circumstances and a sentence reduction based on Guideline Amendment 821. Also before the Court is a motion for sentence reduction pursuant to Amendment 821 filed on Defendant's behalf by appointed counsel. [Doc. 1242].

The United States opposes Defendant's request for compassionate release on the grounds that she failed to meet the exhaustion requirement and has not demonstrated that compassionate release is appropriate. [Doc. 1246 at 4–6]. However, the United States agrees that Defendant is eligible for a sentence reduction under Amendment 821 and defers to the Court's discretion regarding whether such a reduction should be granted. [*Id.* at 7–8].

I. **COMPASSIONATE RELEASE**

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), district courts may modify a term of imprisonment if "extraordinary and compelling reasons" justify a sentence reduction and a reduction is consistent with the relevant factors in 18 U.S.C. § 3553(a).

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). The administrative exhaustion requirement is a "mandatory claim processing rule" that must be enforced if properly raised by the government. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

Here, Defendant seeks compassionate release so that she can care for her minor daughter. [Doc. 1193 at 5; Doc. 1201 at 1–2; Doc. 1220]. Defendant claims that she submitted her compassionate release request to the Bureau of Prisons ("BOP") in March 2022 and did not receive a response. [Doc. 1193 at 3]. However, she does not provide the Court with a copy of that request. And according to an email sent from the BOP to the United States, the BOP has no record of Defendant having submitted a compassionate release request since 2020, when she requested release based on her medical conditions and COVID-19. [Doc. 1346-2]. On the record before the Court, the Court cannot find that Defendant has exhausted her administrative remedies. Therefore, the Court cannot consider Defendant's compassionate release motion.

## II.    GUIDELINE AMENDMENT 821

Pursuant to 18 U.S.C. § 3582(c)(2), courts may reduce the sentence of a prisoner who was sentenced based on a guideline range that has subsequently been lowered by the Sentencing Commission. "[A] sentence reduction 'is not authorized under' § 3582(c)(2) where an amendment to the sentencing guidelines 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Anderson*, No. 10-1127, 2011 U.S. App. LEXIS 26510, at *3 (6th Cir. May 23, 2011) (citing USSG §1B1.10(a)(2)(B)).

2

Guideline Amendment 821 went into effect February 1, 2024, and applies retroactively. Part A of the Amendment limits the impact of "status points"—i.e. extra criminal history points defendants are assigned for committing the instant offense while under a criminal justice sentence—on a defendant's criminal history calculation. *See* U.S.S.G. § 4A1.1(e). Under the Amendment, individuals with seven or more criminal history points receive only one status point if they commit an offense while under a criminal justice sentence. *Id.* Status points are eliminated altogether for individuals whose criminal history points total six or fewer. *Id.*

As the parties correctly point out, Defendant is eligible for a sentence reduction under Amendment 821. At sentencing, she received ten criminal history points, two of which were status points, yielding a criminal history category V. [Doc. 574 ¶¶ 60–62]. Under Amendment 821, one of her status points is removed, resulting in a total of nine criminal history points and a criminal history category of IV. *See* U.S.S.G. § 5A (providing that seven, eight, or nine criminal history points yields a criminal history category IV). Because Amendment 821 lowers Defendant's criminal history category—and by extension, her guideline range—the Court is authorized to reduce her sentence.

The parties agree that Defendant is eligible for a 19-month reduction in her term of imprisonment [Doc. 1242 at 5; Doc. 1246 at 7–8], and the Court finds such a reduction to be appropriate in this case. While incarcerated, Defendant has demonstrated a commendable effort towards her rehabilitation. In particular, the Court notes that she has completed a nonresidential drug abuse treatment program and is currently participating in a medication-assisted treatment program. [Doc. 1242-7]. She has completed a number of educational classes. [Doc. 1242-3]. And she has earned commendation for her work with UNICOR. [Doc. 1242-4]. Although Defendant has received two sanctions for use of alcohol while incarcerated, she has otherwise maintained a

good discipline record. [Doc. 1242-1]. Accordingly, having considered the applicable policy statements and 18 U.S.C. § 3553(a)'s factors, which the Court also considered in detail during Defendant's sentencing hearing, as well as Defendant's rehabilitative efforts while incarcerated, the Court will grant Defendant's request for a sentence reduction under § 3582(c)(2) and Amendment 821.

### III. CONCLUSION

For the reasons stated above, Defendant's motion for sentence reduction pursuant to Amendment 821 [Docs. 1193, 1242] is **GRANTED**. An appropriate Judgment Order will enter. To the extent Plaintiff seeks compassionate release, her motion [Doc. 1193] is **DENIED** without prejudice.

So ordered.

ENTER:

                                        s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE